**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

AMY FEATHERS
          Plaintiff,

v.                                                     CIVIL ACTION NO.:

FKP FORT WALTON BEACH
SENIOR LIVING TENANT LLC
D/B/A BELVEDERE COMMONS
FORT WALTON BEACH.
          Defendant.
_____/

## COMPLAINT

Plaintiff, Amy Feathers, (hereinafter referred to as the "Plaintiff" or "Feathers"), by and through her undersigned attorney, sues the defendant, FKP Fort Walton Beach Senior Living Tenant LLC d/b/a Belvedere Commons Fort Walton Beach (hereinafter referred to as the "Defendant" or "Belvedere Commons"), and alleges as follows:

### *INTRODUCTION*

1. Plaintiff brings this action to remedy discrimination on the basis of disability discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act

1

Amendments of 2008 (ADAA); and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### *JURISDICTION AND VENUE*

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.    Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.    Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5.    This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6.    Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations (FCHR No.:

201919767) and the United States Equal Employment Opportunity Commission (EEOC No.: 15D201900793) in May 2019. On March 25, 2020, more than 180 days after Plaintiff's charge was filed, the FCHR issued a cause determination pursuant to Fla. Stat. § 760.11(3). Plaintiff further requested her 90 day Notice of Right to Sue letter from the EEOC which was received on July 23, 2021.

### *PARTIES*

7.    Plaintiff is a Caucasian female and a citizen of the State of Florida, Okaloosa County and who resides in Fort Walton, Florida.  She was employed by the Defendant from January 2019, until her unlawful termination on February 29, 2020.

8.    Defendant, FKP Fort Walton Beach Senior Living Tenant LLC d/b/a Belvedere Commons Fort Walton Beach, is a for profit Florida corporation that is licensed and to do and does business in Fort Walton Beach, Florida.

9.    Defendant operates a senior living facility in Fort Walton Beach Florida.

10.    Defendant employs in excess of fifteen (15) employees and is an employer within the meaning of, and as defined in, the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq.,

11.    Defendant employs in excess of fifteen (15) employees and is an employer within the meaning of, and as defined in, the Americans with Disabilities

Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203 and the Americans with Disabilities Act Amendments of 2008.

<em>GENERAL FACTUAL ALLEGATION</em>

12.    Plaintiff is a 48 year old Caucasian female and a citizen of the State of Florida, Okaloosa County and who resides in Fort Walton, Florida.

13.    Defendant operates senior living facility in Fort Walton Beach Florida.

14.    Plaintiff was employed by Defendant at its Fort Walton Beach facility from December 6, 2018, until her unlawful termination on April 30, 2019.

15.    Defendant maintains an Equal Employment Opportunity Policy which applies to all terms and conditions of employment, including hiring, placement, promotion, termination, layoff, recall, transfers, and leaves of absences, compensation and training.

16.    On December 6, 2018, Plaintiff began working for Defendant as a Licensed Practical Nurse ('LPN") in the Wellness Department.

17.    During Plaintiff's employment with Defendant, she performed her duties and responsibilities as an LPN in a satisfactory manner.

18.    At all times material hereto, Plaintiff was a qualified individual which as an LPN, whom was hired by Defendant, satisfied the Defendant's legitimate prerequisites for the LPN position, such as possessing the appropriate educational background, employment experience, skills, and licenses.

19.     Plaintiff also at all time material hereto performed or could continue to perform the essential functions of her position as an LPN with or without an accommodation.

20.     As an LPN, Plaintiff was responsible for supervising the work of resident assistants and medication technicians.

21.     This entailed coordinating resident care, designating tasks and assignments to resident assistants and medication technicians, monitoring the overall function of the Wellness Department to ensure residents received the highest quality care.

22.     In addition to these supervisory functions, Plaintiff was also responsible for administering medication to residents, maintaining the security of the medication cart, and providing resident care.

23.     Over the course of her employment with Defendant, Plaintiff demonstrated positive attitude towards her job, co-workers, management and the residents.

24.     On April 25, 2019, Plaintiff was involved in an incident that resulted in her right foot being severely fractured.

25.     On April 25, 2019, Plaintiff notified the Defendant's executive Director, Dusty Woitt, informing her of her medical condition and that she was at the Emergency Room seeking treatment.

26.    Ms. Woitt responded to Plaintiff and requested that she get a medical excuse and release with any limitations, if any, noted.

27.    Plaintiff thereafter texted Ms. Woitt a picture of the Emergency Room Doctor's note.

28.    Plaintiff also informed Ms. Woitt that she was seeing a podiatrist on April 30, 2019.

29.    On April 30, 2019, Plaintiff reported to work with a medical walking boot on her right foot and crutches.

30.    Ms. Woitt upon seeing Plaintiff at the facility in a walking boot and crutches requested that Plaintiff accompany her to her office and requested a doctors notes and other medical documentation related to her condition.

31.    Plaintiff presented Ms. Woitt with a release from her provider and a note from her podiatrist stating that Plaintiff would need to be non- weight bearing for the next eight (8) weeks and need to use a scooter for mobility.

32.    Ms. Woitt requested that Plaintiff follow her to her office and further requested that Quinett Simmons, Business Office Director, accompany them into the office as a witness.

33.    During this meeting, Plaintiff requested the Defendant accommodate her disability and also requested time off to attend follow-up doctor's visits and medical testing related to the injury.

34.   Plaintiff had sufficient paid time off accrued leave for medical visits.

35.   Ms. Woitt told Plaintiff that Defendant could not accommodate her restrictions and that she was terminating her employment.

36.   Ms. Woitt then filled out the Defendant's Employee Separation Form and presented it to Plaintiff for her signature.

37.   Defendant's stated reasons for termination, as outlined in the separation form, were for "unsatisfactory performance" and "other reasons".

38.   Plaintiff refused to sign the termination form as the stated reasons were not true.

### FIRST CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

39.   Plaintiff repeats and re-alleges each general factual allegation contained in paragraph 7 through 38 of this Complaint with the same force and effect as if set forth herein.

40.   The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

41.   Defendant terminated and disqualified Plaintiff from her employment

solely because of her disability.

42.    Defendant made no individualized assessment to determine whether Plaintiff could perform the essential function of her position as an LPN and be employed by Defendant, or weather a reasonable accommodation would enable her to be employed as a n LPN, as is required by the ADA.

43.    Defendant had knowledge that Plaintiff was a qualified individual with a disability.

44.    Plaintiff's foot impairment substantially limited her ability to perform the major life activities of standing, walking, running, and her general musculoskeletal function.

45.    Plaintiff was under a disability from the date of her injury.

46.    Defendant acknowledged and regarded her as disabled (perceived or otherwise) and as having an impairment, as it terminated her for this reason.

47.    Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation.

48.    Plaintiff's treating physician's note stated that she could perform the essential duties while remaining non-load bearing and utilizing a knee scooter.

49.    Upon learning of Plaintiff's restrictions and requested accommodations Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

50.     Ms. Woitt did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did she "explore potential accommodations" to overcome those limitations.

51.     Ms. Woitt simply escorted Plaintiff to her office, told her that her restrictions prohibited her from performing the essential functions of her position and that she had decided to terminate her employment effective immediately.

52.     Defendant's termination and disqualification of Plaintiff on the basis of her disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable her to be employed by Defendant violated the ADA and ADAA.

53.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

54.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

55.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from Defendant's employment.

56.    As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

57.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

58.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

59.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 38 of this complaint with the same force and effect as if set

forth herein.

60.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for requesting an accommodation.

61.   Defendant terminated and disqualified Plaintiff from her employment in retaliation for requesting an accommodation.

62.   Defendant made no individualized assessment to determine whether Plaintiff could perform the essential function of her position as an LPN and be employed by Defendant, or weather a reasonable accommodation would enable her to be employed as a n LPN, as is required by the ADA and ADAA.

63.   Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

64.   Plaintiff's treating physician's note stated that she could perform the essential duties while remaining non-load bearing and utilizing a knee scooter.

65.   When Plaintiff provided Defendant with the doctor's note and requested an accommodation(s), Plaintiff's requests became and were considered a statutorily protected activity under the ADA and ADAA.

66.   Ms. Woitt did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did she "explore potential accommodations" to overcome those limitations.

67.     Ms. Woitt simply told Plaintiff that her restrictions and requested accommodations prohibited her from performing the essential functions of her position and that she (Ms. Woitt) had decided to terminate her employment effective immediately.

68.     Ms. Woitt further retaliated against Plaintiff when she attempted to cover up an alleged discriminatory intent by asserting on the Employee Separation Form, that Plaintiff's termination was for "unsatisfactory performance and other reasons".

69.     Defendant had a progressive discipline policy in effect at the time of Plaintiff's termination.

70.     Prior to Plaintiff's termination, she had not been the subject of any disciplinary action written or otherwise.

71.     Plaintiff refused to sign the termination form as the written reasons were not true and Ms. Woitt had just told Plaintiff that she was terminating her because of her disability and inability to accommodate her.

72.     Defendant's termination and disqualification of Plaintiff's employment was in retaliation for her seeking a good faith accommodation, a protected activity, and in violated the ADA and ADAA.

73.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for

Defendant's retaliation against her for engaging in a protective activity of requesting a reasonable accommodation.

74.     The termination of Plaintiff's employment was retaliatory and an adverse personnel action, that clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action constituted a prohibited employment practice, contrary to the public policy of the ADA and ADAA.

75.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

76.     As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

77.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

78.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

THIRD CAUSE OF ACTION

*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

79.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 38 of this complaint with the same force and effect as if set forth herein.

80.     The Florida Civil Rights Act, prohibits employers from discriminating against qualified individuals because of a disability in the terms, conditions, and privileges of employment.

81.     Defendant terminated and disqualified Plaintiff from her employment solely because of her disability.

82.     Defendant made no individualized assessment to determine whether Plaintiff could perform the essential function of her position as an LPN and be employed by Defendant, or weather a reasonable accommodation would enable her to be employed as an LPN, as is required by the FCRA.

83.    Defendant had knowledge that Plaintiff was a qualified individual with a disability.

84.    Plaintiff's foot impairment substantially limited her ability to perform the major life activities of standing, walking, running, and her general musculoskeletal function.

85.    Plaintiff was under a disability from the date of her injury.

86.    Defendant acknowledged and regarded her as disabled (perceived or otherwise) and as having an impairment, as it terminated her for this reason.

87.    Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation.

88.    Plaintiff's treating physician's note stated that she could perform the essential duties while remaining non-load bearing and utilizing a knee scooter.

89.    Upon learning of Plaintiff's restrictions and requested accommodations Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

90.    Ms. Woitt did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did she "explore potential accommodations" to overcome those limitations.

91.    Ms. Woitt simply escorted Plaintiff to her office, told her that her restrictions prohibited her from performing the essential functions of her position

and that she had decided to terminate her employment effective immediately.

92.     Ms. Woitt then proceeded to cover up an alleged discriminatory intent by asserting on the Employee Separation Form, that Plaintiff's termination was for "unsatisfactory performance and other reasons".

93.     Defendant's termination and disqualification of Plaintiff on the basis of her disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable her to be employed by Defendant violated the FCRA.

94.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

95.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

96.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

97.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

98.     As a result of Defendant's wrongful and unlawful discriminatory acts against Plaintiff that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

99.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

100.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### FIFTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

101.     Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 7 through 38 of this complaint with the same force and effect as if set forth herein.

102.    The Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, prohibits employers from retaliating against qualified individuals for requesting an accommodation.

103.    This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes for requesting an accommodation and engaging in a protected activity.

104.    Defendant terminated and disqualified Plaintiff from her employment in retaliation for requesting an accommodation.

105.    Defendant made no individualized assessment to determine whether Plaintiff could perform the essential function of her position as an LPN and be employed by Defendant, or weather a reasonable accommodation would enable her to be employed as a n LPN, as is required by the FCRA.

106.    Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

107.    Plaintiff's treating physician's note stated that she could perform the essential duties while remaining non-load bearing and utilizing a knee scooter.

108.    When Plaintiff provided Defendant with the doctor's note and requested an accommodation(s), Plaintiff's requests became and were considered a

statutorily protected activity under the FCRA.

109.   Ms. Woitt did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did she "explore potential accommodations" to overcome those limitations.

110.   Ms. Woitt simply told Plaintiff that her restrictions and requested accommodations prohibited her from performing the essential functions of her position and that she (Ms. Woitt) had decided to terminate her employment effective immediately.

111.   Ms. Woitt further retaliated against Plaintiff when she attempted to cover up an alleged discriminatory intent by asserting on the Employee Separation Form, that Plaintiff's termination was for "unsatisfactory performance and other reasons".

112.   Defendant had a progressive discipline policy in effect at the time of Plaintiff's termination.

113.   Prior to Plaintiff's termination, she had not been the subject of any disciplinary action written or otherwise.

114.   Plaintiff refused to sign the termination form as the written reasons were not true and Ms. Woitt had just told Plaintiff that she was terminating her because of her disability and inability to accommodate her.

115.   Any possible assertion that there was a viable business justification for

the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

116.    The termination of Plaintiff's employment was retaliatory and an adverse personnel action, that clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action constituted a prohibited employment practice, contrary to the public policy of the FCRA.

117.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

118.    As a result of the Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

119.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

*120.*     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

<u>*PRAYER FOR RELIEF*</u>

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)     Declaring the acts and practices complained of herein are violation of the ADA, ADAA and the Florida Civil Rights Act (FCRA);

b)     Enjoining and permanently restraining those violations of the ADA, ADAA and the Florida Civil Rights Act (FCRA);

c)     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further equitable or other relief as the Court deems just and proper in the premises.

<u>*DEMAND FOR JURY TRIAL*</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 15, 2021.        By: <u>*/s/ Clayton M. Connors*</u>
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff,